# EXHIBIT B

Arlo Garcia Uriarte, SBN 231764
Jonathan S. Rebong, SBN 235683
Sandra A. Beltran, SBN 331573
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006
arlo@liberationlawgroup.com

Attorneys for Plaintiffs
MYRNA ALTAMIRANO and
ANGELA SAMSON

FILED
SEP 14 2020

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT 39 FOR ALL
PURPOSES

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| MYRNA ALTAMIRANO and ANGELA SAMSON, on behalf of themselves, others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNRISE SENIOR LIVING SERVICES, INC.; SUNRISE SENIOR LIVING MANAGEMENT, INC.; SUNRISE SENIOR LIVING, LLC; SUNRISE DEVELOPMENT, INC. and DOES 1 through 10,<br><br>Defendants. | Case Number: **C 20 - 01847**<br><br>**CLASS ACTION:**<br><br>(1) **FAILURE TO PAY ALL HOURS WORKED**<br>(2) **FAILURE TO PAY OVERTIME COMPENSATION**<br>(3) **FAILURE TO PROVIDE AND AUTHORIZE MEAL PERIODS**<br>(4) **FAILURE TO PROVIDE AND AUTHORIZE REST PERIODS**<br>(5) **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**<br>(6) **WAITING TIME PENALTIES**<br>(7) **PRIVATE ATTORNEY GENERAL ACT, CAL. LAB. CODE § 2698, et seq.**<br>(8) **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. AND PROFESSIONS CODE §§ 17200**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiffs Myrna Altamirano and Angela Samson (collectively, "PLAINTIFFS") submit this class complaint on behalf of themselves and on behalf of a putative class (as defined below), as follows:

# I. INTRODUCTION

2. This class action is instituted for the purpose of prosecuting claims under California Labor Code ("Labor Code") §§ 201-204, 221, 223, 226.7, 351 and 2698, *et seq.*, California Business and Professions Code ("Bus. & Prof. Code") §§ 17200, *et seq.*, (Unfair Practices Act), Labor Code §§2698, *et. seq.* (Private Attorney General Act of 2004 or "PAGA") and Industrial Welfare Commission Wage Order No. 5 ("Wage Order No. 5").

3. This complaint challenges systemic illegal employment practices by defendants Sunrise Senior Living Services, Inc., Sunrise Senior Living Management, Inc., and Sunrise Senior Living, LLC, and Sunrise Development, Inc. (collectively, "DEFENDANTS") resulting in violations of the Labor Code, Wage Order No. 5, and Bus. & Prof. Code.

4. The PAGA allows private citizens such as PLAINTIFFS to pursue civil penalties on behalf of the State of California Labor and Workforce Development Agency ("LWDA"). Under the PAGA, an aggrieved employee is allowed to seek civil penalties not only for violations that they personally suffered but also for violations of "other current or former employees," such as the putative class members in this class action.

5. PLAINTIFFS are informed and believe and based thereon allege that DEFENDANTS have engaged in among other things, a system of willful violations of the Labor Code, Wage Order No. 5 and Bus. & Prof. Code by creating and maintaining policies, practices, and customs that knowingly deny employees, such as PLAINTIFFS and putative class members: (1) wages for all hours worked (regular and overtime), (2) meal periods, (3) compensation meal period violations, (4) rest periods, (5) compensation for rest period violations, (6) accurate itemized wage statements, and (7) waiting time penalties.

6. The policies, practices, and customs of DEFENDANTS described herein have resulted in their unjust enrichment and an unfair business advantage over businesses that routinely adhere to the strictures of the Labor Code, applicable Wage Order and Bus. & Prof. Code.

//

//

7.   PLAINTIFFS bring this class action against DEFENDANTS for compensatory and statutory damages, civil penalties, prejudgment interest, attorneys' fees and costs, and other appropriate and just relief.

## II.  JURISDICTION AND VENUE

8.   Jurisdiction is proper in this Court because alleged damages exceed twenty-five thousand dollars ($25,000.00). PLAINTIFFS meet the requirements to bring this class action because, among other reasons, the question is one of common or general interest, is a question of many persons and/or the parties are numerous, and it is impracticable to bring them all before the Court.

9.   Venue is proper in this Court because at all times relevant to this complaint, the DEFENDANTS conducted business in the City of San Ramon, CA and County of Contra Costa while PLAINTIFFS and putative class members are/were employed by DEFENDANTS in the City of San Ramon, CA and County of Contra Costa.

## III.  THE PARTIES

10. PLAINTIFFS are competent individuals and residents of the State of California.

11. DEFENDANT SUNRISE SENIOR LIVING SERVICES, INC. is a foreign corporation organized under the laws and Constitution of the State of Delaware with its principal place of business at 7902 Westpark Drive. McLean, VA 22102 authorized to do business in California.

12. DEFENDANT SUNRISE SENIOR LIVING MANAGEMENT, INC. is a foreign corporation doing business as "Sunrise Villa" with its principal place of business at SUNRISE SENIOR LIVING MANAGEMENT, INC authorized to do business in California.

13. DEFENDANT SUNRISE SENIOR LIVING, LLC is a foreign limited liability company organized under the laws and Constitution of the State of Delaware with its principal place of business at 7902 Westpark Drive. McLean, VA 22102 authorized to do business in California.

14. DEFENDANT SUNRISE DEVELOPMENT, INC. is a California corporation with its principal place of business at 5452 Oceanus Drive, Huntington Beach, CA 92649.

15. DEFENDANTS are engaged in elderly care business and are corporate entities capable of suing and being sued. DEFENDANTS operate 51 elderly care facilities in California: (1) *Sunrise Villa*

*Bradford* located at 1180 N Bradford Ave, Placentia, CA 92870, (2) *Sunrise Villa Santa Rosa* located at 4225 Wayvern Dr, Santa Rosa, CA 95409, (3) *The Carlisle* located at 1450 Post Street, San Francisco, CA 94109, (4) *Sunrise Villa Culver City* located at 4061 Grand View Blvd, Los Angeles, CA 90066, (5) *Sunrise Villa San Jose* located at 4855 San Felipe Road, San Jose, CA 95135, (6) *Sunrise at Alta Loma* located at 9519 Baseline Road, Rancho Cucamonga, CA 91730, (7) *Sunrise at Bonita* located at 3302 Bonita Road, Chula Vista, CA 91910, (8) *Sunrise at Canyon Crest* located at 5265 Chapala Drive, Riverside, CA 92507, (9) *Sunrise at La Costa* located at 7020 Manzanita St., Carlsbad, CA 92011, (10) *Sunrise at Palos Verdes* located at 25535 Hawthorne Boulevard, Torrance, CA 90505, (11) *Sunrise at San Marino* located at 8332 Huntington Drive, San Gabriel, CA 91775, (12) *Sunrise at Sterling Canyon* located at 25815 McBean Pkwy, Valencia, CA 91355, (13) *Sunrise at Tustin* located at 12291 Newport Avenue, Santa Ana, CA 92705, (14) *Sunrise at Wood Ranch* located at 190 Tierra Rejada Road, Simi Valley, CA 93065, (15) *Sunrise at Yorba Linda* located at 4792 Lakeview Avenue, Yorba Linda, CA 92886, (16) *Sunrise of Belmont* located at 1010 Alameda De Las Pulgas, Belmont, CA 94002, (17) *Sunrise of Beverly Hills* located at 201 North Crescent Drive, Beverly Hills, CA 90210, (18) *Sunrise of Burlingame* located at 1818 Trousdale Drive, Burlingame, CA 94010, (19) *Sunrise of Carmichael* located at 5451 Fair Oaks Blvd, Carmichael, CA 95608, (20) *Sunrise of Claremont* located at 2053 North Towne Avenue, Claremont, CA 91711, (21) *Sunrise of Danville* located at 1027 Diablo Road, Danville, CA 94526, (22) *Sunrise of Fair Oaks* located at 4820 Hazel Avenue, Fair Oaks, CA 95628, (23) *Sunrise of Fresno* located at 7444 North Cedar Avenue, Fresno, CA 93720, (24) *Sunrise of Fullerton* located at 2226 North Euclid St, Fullerton, CA 92835, (25) *Sunrise of Hermosa Beach* located at 1837 Pacific Coast Hwy, Hermosa Beach, CA 90254, (26) *Sunrise of Huntington Beach* located at 7401 Yorktown Avenue, Huntington Beach, CA 92648, (27) *Sunrise of La Jolla* located at 810 Turquoise Street, San Diego, CA 92109, (28) *Sunrise of La Palma* located at 5321 La Palma Avenue, La Palma, CA 90623, (29) *Sunrise of Mission Viejo* located at 26151 Country Club Drive, Mission Viejo, CA 92691, (30) *Sunrise of Monterey* located at 1110 Cass Street, Monterey, CA 93940, (31) Sunrise of Oakland Hills located at 11889 Skyline Blvd, Oakland, CA 94619, (32) *Sunrise of Palo Alto* located at 2701 El Camino Real, Palo Alto, CA 94306, (33) *Sunrise of Petaluma* located at 815 Wood Sorrel

Drive, Petaluma, CA 94954, (34) *Sunrise of Playa Vista* located at 5555 Playa Vista Drive, Playa Vista, CA 90094, (35) *Sunrise of Pleasanton* located at 5700 Pleasant Hill Rd, Pleasanton, CA 94588, (36) Sunrise of Rocklin located at 6100 Sierra College Blvd, Rocklin, CA 95677, (37) *Sunrise of Sabre Springs* located at 12515 Springhurst Dr., San Diego, CA 92128, (38) *Sunrise of Sacramento* located at 345 Munroe Street, Sacramento, CA 95825, (39) *Sunrise of San Mateo* located at 955 South El Camino Real, San Mateo, CA 94402, (40) *Sunrise of San Rafael* located at 111 Merrydale Road, San Rafael, CA 94903, (41) *Sunrise of Santa Monica* located at 1312 15th Street, Santa Monica, CA 90404, (42) *Sunrise of Seal Beach* located at 3850 Lampson Avenue, Seal Beach, CA 90740, (43) *Sunrise of Studio City* located at 4610 Coldwater Canyon Blvd, Studio City, CA 91604, (44) *Sunrise of Sunnyvale* located at 633 South Knickerbocker Drive, Sunnyvale, CA 94087, (45) *Sunrise of Walnut Creek* located at 2175 Ygnacio Valley Road, Walnut Creek, CA 94598, (46) *Sunrise of West Hills* located at 9012 Topanga Canyon Blvd, West Hills, CA 91304, (47) *Sunrise of Westlake Village* located at 3101 Townsgate Road, Westlake Village, CA 91361, (48) *Sunrise of Woodland Hills* located at 20461 Ventura Blvd, Woodland Hills, CA 91364, (49) *The Stratford* located at 601 Laurel Ave., San Mateo, CA 94401, (50) *Sunrise Villa San Ramon* located at 9199 Fircrest Ln, San Ramon, CA 94583, and (51) *Sunrise Villa Salinas* located at 1320 Padre Dr, Salinas, CA 93901.

16. PLAINTIFFS are informed and believe that DEFENDANTS are joint employers of PLAINTIFFS and putative class members in that DEFENDANTS exercised direct control over the wages, hours, and working conditions of PLAINTIFFS and putative class members. DEFENDANTS are/were the employers of PLAINTIFFS and putative class members. DEFENDANTS exercise or exercised direct control over the wages, hours, and working conditions of PLAINTIFF and putative class members and are bound by the Labor Code, Wage Order No. 5 and Bus. & Prof. Code.

17. PLAINTIFFS are informed and believe that DEFENDANTS are an integrated enterprise and integrated employer of PLAINTIFFS and putative class members in that DEFENDANTS share common management, interrelationship between operations, centralized control of labor relations, and/or financial control.

//

18. PLAINTIFFS are ignorant as to the true names and capacities of defendants sued herein as "DOES 1 through 10" ("DOE DEFENDANTS"), and therefore sue these by such fictitious names and capacities. PLAINTIFFS will seek leave of the Court to amend this complaint to allege such names and capacities as soon as they are ascertained. These DOE DEFENDANTS are sued as employers of PLAINTIFFS and putative class members under IWC Wage Order No. 5 because they potentially exercise direct control over the wages, hours, and working conditions of PLAINTIFFS and putative class members.

19. The actions of DEFENDANTS' officers, managers, supervisors, employees, and agents against PLAINTIFFS and putative class members were ratified by DEFENDANTS. At all relevant times, DEFENDANTS and its officers, managers, supervisors, employees, and agents acted within the course and scope of their employment.

## IV.  CLASS ACTION ALLEGATIONS

20. **Definition**. PLAINTIFFS bring this action on behalf of themselves and a putative class of similarly situated employees pursuant to California Code of Civil Procedure § 382. The putative class is defined as:

> "All current and former hourly or non-exempt employees of SUNRISE SENIOR LIVING SERVICES, INC., SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING, LLC, who worked in the State of California at any time from four (4) years preceding the date of filing of this action through the entry of final judgment in this action ("Class Period")."

21. **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFFS are informed and believe that there are over fifty (50) employees working for DEFENDANTS in California. The identities of putative class members are readily ascertainable by review of DEFENDANTS' records. Notice can be provided to DEFENDANTS' employees using techniques and a form of notice similar to those customarily used in class action lawsuits.

//

22. PLAINTIFFS are informed, believe, and based thereon allege that DEFENDANTS' employees have been denied wages for: (1) all hours worked (at regular and overtime rates), (2) meal period compensation; and (3) rest period compensation. As a result, PLAINTIFFS and putative class members are owed all unpaid wages plus interest and applicable penalties.

23. **Adequacy of Representation**: PLAINTIFFS are members of the putative class identified above. PLAINTIFFS do not have any known conflict of interest with other putative class members; they will prosecute the case vigorously, not just for themselves, but for the overall benefit of the putative class. PLAINTIFFS will fairly and adequately represent and protect the interests of putative class members. PLAINTIFFS' counsel is competent and experienced in litigating wage and hour class actions.

24. **Superiority of Class Action:** A class action is superior to all other available means of fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to the putative class predominate over any questions affecting only individual members of the class. PLAINTIFFS and putative class members have suffered damages and are entitled to recovery because of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual putative class members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most putative class members to seek individual redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

25. The Labor Code and the applicable Wage Order are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic conditions and bargaining power in setting onerous terms and conditions of employment.

26. The nature of this action and the format of laws available to PLAINTIFFS and members of the putative class identified herein make the class action format a particularly efficient and appropriate

procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each putative class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers.

27. The prosecution of separate actions by individual putative class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual putative class members against the DEFENDANTS, which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual putative class members which would, as a practical matter, be dispositive of the interest of the other putative class members not parties to the adjudications or which would substantially impair or impede the ability of DEFENDANTS' aggrieved employees to protect their interests. Further, the claims of the individual members of the putative class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28. **Common Question of Law and Fact:** There are questions of law and fact common to putative class members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, but are not limited to:

29. Whether DEFENDANTS failed to compensate PLAINTIFFS and putative class members for all hours worked;

30. Whether DEFENDANTS failed to compensate PLAINTIFFS and putative class members for all hours worked at the correct overtime rates where applicable;

31. Whether DEFENDANTS failed to provide compensation to PLAINTIFFS and putative class members for meal period violations;

32. Whether DEFENDANTS failed to provide compensation to PLAINTIFFS and putative class members for rest period violations;

33. Whether DEFENDANTS have provided accurate and lawful wage statements to PLAINTIFFS and putative class members or failed to do so because of the violations alleged herein; and

34. Whether DEFENDANTS owe waiting time penalties to separated employees like PLAINTIFFS and similarly situated putative class members for failure to provide the compensations described herein.

35. **Typicality:** PLAINTIFFS' claims are typical when compared to the potential claims of all putative class members. PLAINTIFFS complain of the same exact types of violations allegedly suffered by the putative class. The main differences only relate to the extent of damages suffered. PLAINTIFFS are members of the putative class and have suffered the alleged, class-wide violations described herein.

## V. STATEMENT OF FACTS

36. PLAINTIFFS and putative class members are former and current employees who work or used to work for DEFENDANTS during the Class Period.

37. Plaintiff Myrna Altamirano ("ALTAMIRANO") was employed by DEFENDANTS as a caregiver from on or around August 22, 2016 until November 30, 2018 at DEFENDANTS' elderly care facility, Sunrise Villa San Ramon located at located at 9199 Fircrest Ln, San Ramon, CA 94583 ("Facility").

38. Plaintiff Angela Samson ("SAMSON") was employed by DEFENDANTS as a caregiver from on or around April 22, 2008 until April 7, 2018 at the Facility.

39. PLAINTIFFS and putative class members come to work earlier than their scheduled shifts. For approximately four (4) to five (5) days per week, PLAINTIFFS and putative class members started working before clocking in.  DEFENDANTS were aware that PLAINTIFFS and putative class members started work before they clocked in. However, DEFENDANTS, as a matter of policy and practice, failed to pay PLAINTIFFS and putative class members wages for the hours worked before clocking in and before the start of their scheduled shift.

40. After their scheduled shift and after they clocked out, PLAINTIFFS and putative class members were required by DEFENDANTS to continue working until the next caregivers clock in. This happened approximately two (2) to three (3) days per week.

41. However, DEFENDANTS as a matter of policy and practice, failed to pay PLAINTIFFS and putative class members proper overtime compensation.

42. DEFENDANTS often failed to provide PLAINTIFFS and putative class members adequate and timely meal periods under California law. PLAINTIFFS and putative class members were required to bring with them at all times a device with a buzzer as a means of calling them for assistance by the residents of DEFENDANTS' elderly care facilities. PLAINTIFFS and putative class members were called by the elderly residents while on their meal periods. Oftentimes, PLAINTIFFS and putative class members did not clock out for meal period because of lack of staff in DEFENDANTS' elderly care facilities. PLAINTIFFS and putative class members worked shifts longer than five (5) hours but their meal periods would sometimes be shorter than thirty (30) minutes, taken after the fifth hour of the shift, or not provided at all.

43. DEFENDANTS did not inform PLAINTIFFS and putative class members of their policy on tracking meal periods that were not provided to PLAINTIFFS and putative class members. DEFENDANTS did not pay PLAINTIFFS and putative class members the required meal period compensation.

44. Similarly, DEFENDANTS often failed to provide PLAINTIFFS and putative class members with adequate rest periods. PLAINTIFFS worked shifts longer than four (4) hours, often lasting more than eight (8) hours.

45. DEFENDANTS did not inform PLAINTIFFS and putative class members of their policy on tracking rest periods that were not provided to PLAINTIFFS and putative class members. DEFENDANTS did not pay PLAINTIFFS and putative class members the required rest periods compensation.

46. PLAINTIFFS and putative class members allege a wage statement violation cause of action because DEFENDANTS did not accurately track all the hours worked and pay for all work performed by PLAINTIFFS and putative class members. As a result, DEFENDANTS provided inaccurate and unlawful wage statements because the total number of actual hours worked, and the corresponding wages must appear on the wage statements provided to PLAINTIFFS and putative class members.

47. PLAINTIFFS and putative class members who are no longer employed by DEFENDANTS are owed waiting time penalties because upon their separation, they were not paid all the money and wages owed to them including regular and overtime wages, and meal and rest period premium compensation.

## VI.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

*(Unpaid Wages)*

By PLAINTIFFS against DEFENDANTS

48.  PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

49.  During the Class Period, PLAINTIFFS and putative class members regularly rendered and continue to render work over and above their regular shift. DEFENDANTS failed and continue to fail, to compensate PLAINTIFFS and putative class members for these hours over and above their regular shift.

50. Pursuant to Wage Order No. 5 and Labor Code §§ 204, 500 and 1194, DEFENDANTS are required to compensate PLAINTIFFS and putative class members for all hours worked.

51. PLAINTIFFS request relief as described below.

### SECOND CAUSE OF ACTION

*(Unpaid Overtime Compensation)*

By PLAINTIFFS against DEFENDANTS

52. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

53. Pursuant to Wage Order No. 5 and Labor Code §§ 500, 510, and 1194, PLAINTIFFS and putative class members are owed premium compensation for all overtime hours work.

54. DEFENDANTS failed and continue to fail to pay PLAINTIFFS and putative class members overtime compensation when they work more than eight hours per day or forty hours per week because of DEFENDANTS' unlawful overtime policy.

55. As a result of DEFENDANTS' unlawful acts, PLAINTIFFS and putative class members have been deprived overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, under Labor Code § 1194(a).

56. PLAINTIFFS request relief as described below.

**THIRD CAUSE OF ACTION**

*(Failure to Pay Compensation for Meal Period Violations)*

By PLAINTIFFS against DEFENDANTS

57. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

58. Pursuant to Labor Code § 226.7 and Wage Order No. 5 §11, DEFENDANTS are required to authorize and permit employees such as PLAINTIFFS and putative class members uninterrupted meal periods of 30 minutes for work periods exceeding 5 hours and a second uninterrupted meal period of 30 minutes for work periods exceeding 10 hours. Furthermore, meal periods must be provided in a timely fashion.

59. DEFENDANTS fail and refuse to authorize or permit PLAINTIFFS and putative class members adequate 30-minute meal periods in violation of Labor Code § 226.7(a) and Wage Order No. 5 §11.

60. DEFENDANTS further violate the aforementioned California statutes and orders by failing to pay PLAINTIFFS and putative class members one hour of pay at their regular rate of pay for each workday that meal periods were required but not provided.

61. PLAINTIFFS request relief as described below.

**FOURTH CAUSE OF ACTION**

*(Failure to Pay Compensation for Rest Period Violations)*

By PLAINTIFFS against DEFENDANTS

62. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

63. Pursuant to Labor Code § 226.7 and Wage Order No. 5 §12, DEFENDANTS are required to authorize and permit employees such as PLAINTIFFS and putative class members the opportunity to take rest periods based upon total hours worked, at a rate of 10 minutes net rest time per 4 hours worked or major fraction thereof, with no deduction from wages.

//

//

64. DEFENDANTS failed and refused to authorize, and permit PLAINTIFFS and putative class members 10-minute rest periods for every four hours worked, or major fraction thereof, in violation of Labor Code § 226.7 and Wage Order No. 5 §12.

65. DEFENDANTS violated Labor Code § 226.7 and Wage Order No. 5 §12 by failing to pay PLAINTIFFS and putative class members one hour of pay at their regular rate of pay for each workday rest periods are required but not provided.

66. PLAINTIFFS request relief as described below.

## FIFTH CAUSE OF ACTION

*(Wage Statement Violations)*

By PLAINTIFFS against DEFENDANTS

67. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

68. DEFENDANTS fail to issue PLAINTIFFS and putative class members accurate itemized wage statements that properly and accurately itemize the number of hours worked and the actual payment due in violation of Labor Code § 226(a) and Wage Order No. 5 §7.

69. DEFENDANTS knowingly and intentionally fail to comply with Labor Code § 226(a) and Wage Order No. 5 §7 causing damages to PLAINTIFFS and putative class members.

70. These damages are difficult to estimate. Therefore, PLAINTIFFS elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred and $100.00 for each violation in subsequent pay periods, pursuant to Labor Code § 226(e), up to the statutory maximum amount of $4,000.00, plus reasonable attorneys' fees and costs.

71. PLAINTIFFS request further relief as described below.

## SIXTH CAUSE OF ACTION

*(Waiting Time Penalties)*

By PLAINTIFFS against DEFENDANTS

72. PLAINTIFFS realleges and incorporates by reference the allegations of paragraphs above.

73. ALTAMIRANO's employment was terminated on November 30, 2018.

74. SAMSON's employment ended on April 7, 2018.

75. Labor Code § 201 requires an employer who discharges an employee to pay all wages due to that employee immediately upon discharge.

76. Labor Code § 202 requires an employer to pay all wages due to employees who quit within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all wages are due at the end of the employee's final day of work.

77. Labor Code § 203 provides that if an employer willfully fails to pay wages as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 workdays.

78. DEFENDANTS willfully failed and refused to timely pay wages to separated PLAINTIFFS and putative class members at the end of their employment.

79. As a result, DEFENDANTS are liable to PLAINTIFFS and similarly situated putative class members for waiting time penalties, together with interest thereon under Labor Code § 203.

## SEVENTH CAUSE OF ACTION

*(Unfair Competition in Violation of Business and Professions Code §§ 17200 et. seq.)*

By PLAINTIFFS against DEFENDANTS

80. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

81. Bus. & Prof. Code § 17200, *et. seq*. prohibits acts of unfair competition including any "unlawful and unfair business practices."

82. The conduct of DEFENDANTS, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to PLAINTIFFS and putative class members and to the general public.

83. PLAINTIFFS hereby seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. PLAINTIFFS are "persons" within the meaning of Bus. & Prof. Code § 17204 and therefore have standing to bring this suit for injunctive relief and restitution.

84. The prompt and proper payment of wages is a fundamental public policy of the State of California. It is also the public policy of the State to enforce minimum labor standards ensuring that employees are not required or permitted to work under substandard and unlawful conditions and to

protect those employers who comply with the law from losing competitive advantage to other employers that fail to comply with labor standards and requirements.

85. Through the conduct alleged herein, DEFENDANTS acted contrary to these public policies and has thus engaged in unlawful and/or unfair business practices in violation of Bus. & Prof. Code §§ 17200, *et. seq.* depriving PLAINTIFFS and putative class members the rights, benefits, and privileges guaranteed to employees under California law.

86. DEFENDANTS regularly and routinely violated the statutes and regulations referenced herein with respect to PLAINTIFFS and its other employees.

87. By engaging in these business practices, which are unfair and unlawful within the meaning of Bus. and Prof. Code §§ 17200, *et. seq.*, DEFENDANTS have harmed and continue to harm PLAINTIFFS and putative class members and the general public and have gained an unfair competitive edge.

88. Under Bus. & Prof. Code § 17203, PLAINTIFFS are entitled to obtain restitution on behalf of putative class members similarly affected by the unfair and/or unlawful business practices as set forth herein.

89. Pursuant to Bus. & Prof. Code § 17202, PLAINTIFFS are entitled to specific relief enforcing the penalty provisions of various Labor Code sections for themselves and for members of the general public in amounts to be proven at trial. Failure to enforce the penalties due would result in the unlawful enrichment of DEFENDANTS and would promote unfair competition.

90. Pursuant to Bus. & Prof. Code § 17203, injunctive relief is necessary to prevent DEFENDANTS from continuing to engage in the unfair business practices as alleged herein.

91. PLAINTIFFS allege, on information, and belief that DEFENDANTS and persons acting in concert with it, have committed and will continue to commit the above-described unlawful and/or unfair acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. PLAINTIFFS, putative class members and other interested persons have no plain, speedy, or adequate remedy at law, in that pecuniary compensation alone would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage

to PLAINTIFFS and other interested persons unless DEFENDANTS are restrained from committing further illegal acts.

92. PLAINTIFFS' success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. The named PLAINTIFFS, and by and through counsel, are incurring a financial burden in pursuing this action on behalf of the general public. PLAINTIFFS seek to enjoin the above-referenced unlawful actions under the Labor Code and IWC Wage Orders. Therefore, PLAINTIFFS seek an award of attorneys' fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other applicable laws.

## EIGHTH CAUSE OF ACTION

*(Civil Penalties Pursuant to Private Attorney General Act)*

*(Labor Code §§ 2698, et seq.)*

By PLAINTIFFS Against DEFENDANTS

93. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

94. Pursuant to the PAGA, the foregoing violations of statutes and regulations permit PLAINTIFFS to recover civil penalties through this class action. The PAGA imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred ($200) per pay period per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

95. DEFENDANTS' violations of California wage and hour laws enable PLAINTIFFS to recover civil penalties as aggrieved employees on behalf of themselves and other current and former employees of DEFENDANTS.

96. PLAINTIFFS have complied with the procedural requirements specified in Labor Code §2699.3. PLAINTIFFS have therefore exhausted all administrative procedures required under Labor Code §§2698, 2699 and 2699.3, and is justified as a matter of right in bringing forward this cause of action.

97. On March 4, 2020, PLAINTIFFS, through counsel, pursuant to the PAGA, sent via certified mail a letter-notice of violations to the LWDA, as required by Labor Code §2699.3. Copies of the letter-notice and LWDA confirmation of receipt are attached to this complaint as ***Exhibits "A"*** and ***"B."***

98. Sixty-five (65) calendar days have passed since the postmark date of PLAINTIFFS' notices and the LWDA has not notified PLAINTIFFS' counsel that it does not intend to investigate the allegations. Pursuant to Labor Code §2699.3 (a)(2)(A), PLAINTIFFS may commence a civil action pursuant to Labor Code §2699.

99. As a result of DEFENDANTS' violation of numerous provisions of the Labor Code, PLAINTIFFS seek all civil penalties, reasonable attorney's fees and costs available pursuant to Labor Code §2699.

100.    PLAINTIFFS are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to further prove penalties and violations. PLAINTIFFS will amend this class complaint if appropriate and required to seek all applicable penalties for violations which the LWDA has failed to investigate and/or failed to issue a citation for.

101.    Pursuant to Labor Code §2699(i), PLAINTIFFS, as aggrieved employees on behalf of themselves and other current and former employees of DEFENDANTS, should be awarded twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs. The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded.

## VII.  PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFFS on their own behalf and on behalf of the putative class members, respectfully pray for judgment as follows:

1. For an order certifying the proposed class;

2. For compensatory and consequential damages, according to proof;

3. Pursuant to Wage Order No. 5 and Labor Code §§ 510 and 1194(a), an award in the amount of unpaid wages and overtime compensation owed by DEFENDANTS for the four (4) years preceding the filing of this complaint, plus interest;

4. For compensation of one (1) hour at the regular rate of pay for each day meal period and/or rest period were denied in violation of Labor Code § 226.7 and Wage Order No. 5, according to proof;

5. DEFENDANTS be ordered to show cause why they should not be enjoined and ordered to comply with Wage Order No. 5 related to meal periods and rest periods; and for an order enjoining and restraining DEFENDANTS and their agents, servants and employees from further violating Wage Order No. 5 §§11 and 12.

6. For statutory damages according to proof including wage statement violations pursuant to Labor Code § 226(e) and Wage Order No. 5 §7;

7. DEFENDANTS be ordered to show cause why they should not be enjoined and ordered to comply with Wage Order No. 5 §7 related to record keeping for DEFENDANTS' employees related to same; and for an order enjoining and restraining DEFENDANTS and their agents, servants and employees from further violating Wage Order No. 5 §7(B);

8. For waiting time penalties pursuant to Labor Code §§ 201-203;

9. Statutory penalties under Labor Code § 558;

10. Pursuant to Bus. & Prof. Code § 17203, an award of restitution for the amounts unjustly earned or retained by DEFENDANTS by virtue of their engaging in unlawful conduct, according to proof;

11. For an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein;

12. For an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

13. An award of twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs to PLAINTIFFS as aggrieved employees on behalf of themselves and other current and former employees of DEFENDANTS, pursuant to Labor Code §2699(i) and an award of seventy-five percent (75%) of the penalties in favor of the LWDA.

14. For pre-judgment interest as allowed by Labor Code § 218.6 and Civil Code § 3287;

15. For reasonable attorney's fees and costs made payable to the Liberation Law Group, P.C., under applicable laws;

16. For such other and further relief as the Court deems just and proper.

Dated: September ___, 2020        LIBERATION LAW GROUP, P.C.

By: _____
        Arlo Garcia Uriarte
        Attorney for PLAINTIFF

## VIII.  JURY REQUEST

PLAINTIFFS request a trial by jury.

Dated: September ___, 2020        LIBERATION LAW GROUP, P.C.

By: _____
        Arlo Garcia Uriarte
        Attorney for PLAINTIFF

# Exhibit A



Arlo García Uriarte
Un Kei Wu
Ernesto Sánchez
Daniel P. Iannitelli
Jonathan S. Rebong
Nick Aguilar, Adm. in Fla.

**LIBERATION LAW GROUP, P.C.**

Legal Assistants:
Andrea Ortiz
Lorenzo Barrera Cruz
Vicent Uriarte
Ivette Olguin
Mariana Toledo Segarra
Crystina Arreola-Nunez

2760 Mission Street · San Francisco, CA 94110 · (415) 695 – 1000 · (415) 695-1006 FAX

March 4, 2020

**VIA ELECTRONIC SUBMISSION**
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612
PAGA@dir.ca.gov

Re:    *Myrna Altamirano and Angie Samson v. Sunrise Senior Living Services, Inc., Sunrise Senior Living Management, Inc., and Sunrise Senior Living, LLC*

Dear PAGA Administrator:

Pursuant to California Labor Code's Private Attorneys General Act of 2004, Plaintiffs Myrna Altamirano and Angie Samson (collectively, "Plaintiffs") apply to recover civil penalties against Defendants Sunrise Senior Living Services, Inc., Sunrise Senior Living Management, Inc., and Sunrise Senior Living, LLC ("Defendants") through a civil action brought on behalf of themselves and other current and former aggrieved employees of Defendants.

Attached is a list of violations relevant to the aforementioned action. Plaintiffs will send updated notice should further investigation shed light on new violations or further light on the violations described herein. Please consider this letter as the notice required by Labor Code Section 2699.3.

Very Truly Yours,

Arlo Garcia Uriarte

w/enclosures
cc:

Liberation Law Group P.C.
Ms. Altamirano and Ms. Samson PAGA Letter
March 4, 2020

Jeffrey B. Hardie
Attorney for Sunrise Senior Living Services, Inc., Sunrise Senior Living Management, Inc., and Sunrise Senior Living, LLC
Jackson Lewis P.C.
10701 Parkridge Blvd., Ste. 300
Reston, VA 20191

Liberation Law Group P.C.
Ms. Altamirano and Ms. Samson PAGA Letter
March 4, 2020

### Labor Code § 2699 Notice of Violations

Plaintiff Myrna Altamirano ("Plaintiff Altamirano") is a former employee of Sunrise Senior Living Services, Inc., Sunrise Senior Living Management, Inc., and Sunrise Senior Living, LLC ("Defendants"). She started working for Defendants on or around August 22, 2016. Plaintiff Altamirano has been employed by Defendants as a live-out caregiver.

Plaintiff Angie Samson ("Plaintiff Samson") is a former employee of Defendants. She worked as a live-out caregiver from on or around April 22, 2008 until approximately in or around April 2018.

Defendants failed to pay Plaintiffs their wages for all hours worked, including overtime compensation. Defendants have utilized the following policies and practices: (1) rounding off and/or shaving of time worked; and (2) requiring unpaid off-the-clock work. Both have resulted in the nonpayment of wages, including overtime compensation.

Defendants denied Plaintiffs proper, timely, and complete off-duty meal periods. Due to the volume of Plaintiffs' tasks, their hectic schedule, and lack of reliever employees, Plaintiffs were not able to take timely, proper, and complete off-duty meal periods. Additionally, Defendants does not have a policy and practice of paying Plaintiffs an hour of their regular rate of pay for each day they were not provided proper meal periods.

Defendants also denied Plaintiffs adequate rest breaks. Due to their work volume, hectic work schedule, and lack of reliever employees, Plaintiffs were not able to take all the rest breaks they were entitled to. Additionally, Defendants did not have a policy and practice in place of paying Plaintiffs one hour of their regular rate of pay for each day they are not provided with all the rest breaks they are entitled to.

As a result of Defendants' failure to pay Plaintiffs and similarly situated employees their correct wages for all hours worked, including overtime compensation and premium compensations due for missed meal periods and rest breaks, the wage statements issued by Defendants to Plaintiffs were not accurate.

Defendants failed to pay Plaintiffs all wages due, including unpaid regular and overtime hours worked, and meal period and rest break premiums, immediately at the time of their discharge or within seventy-two (72) hours of their resignation.

**Plaintiffs are informed and believe that other current and former aggrieved employees of Defendants were subjected to the same wage and hour violations as Plaintiffs noted herein. Pursuant to Labor Code § 2699, Plaintiffs, on behalf of themselves and all current and former aggrieved employees of Defendants, seek to recover civil penalties against Defendants for Labor Code violations pursuant to, but not limited to:**

Liberation Law Group P.C.
Ms. Altamirano and Ms. Samson PAGA Letter
March 4, 2020

Defendants violated Labor Code § 204 by failing to pay Plaintiffs all wages due on the designated days of pay. Defendants failed to pay Plaintiffs for all hours worked in violation of Labor Code §§ 1194 and 1197. Defendants violated section 4 of the Industrial Welfare Commission Wage Order 5 ("Wage Order 5") by failing to pay Plaintiffs for all hours worked at least at the minimum wage rate.

Violations to Labor Code § 204 – penalties pursuant to §§ 210 and 2699(f); violations to Labor Code § 1194 - penalties pursuant to Labor Code §2699(f); violation to Labor Code § 1197 – penalties pursuant to Labor Code §§ 1197.1, 558, and 2699(f); violations to Wage Order 5 section 4 – penalties pursuant to § 20 of Wage Order 5.

By requiring Plaintiffs to work overtime and not properly compensating them for overtime hours worked, Defendants violated Labor Code §§ 223, 510 and 1194(a), which makes it "unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Defendants violated Labor Code §§ 510 and 1194, and section 3 of the Industrial Welfare Commission Wage Order 5 by failing to pay Plaintiffs for all overtime hours worked at one and one half times his regular rate of pay.

Violations to Labor Code § 223 - penalties pursuant to Labor Code §§ 225.5 and 2699(f); violations to Labor Code § 510 – penalties pursuant to Labor Code §§ 558 and 2699(f); violations to Labor Code § 1194 - penalties pursuant to Labor Code §2699(f); violations to Wage Order 5 section 3 – penalties pursuant to § 20 of Wage Order 5.

Defendants violated Labor Code §§ 226.7(a) and 512, and sections 11 and 12 of the Industrial Welfare Commission Wage Order 5, by failing to authorize and provide Plaintiffs with proper meal and rest breaks and then failing to provide Plaintiffs the required one hour compensation when meal and rest breaks are not properly provided.

Violations to Labor Code § 226.7(a) - penalties pursuant to § 2699(f); violations to Labor Code § 512 - penalties pursuant to §§ 558 and 2699(f); violations to § 11 and § 12 of IWC Order 5 - penalties pursuant to § 20 of IWC Order 5.

Defendants violated Labor Code § 226(a) and Wage Order 5 section 7 by failing to provide Plaintiffs with accurate itemized wage statements providing at least the following required information: (1) gross wages earned, (2) total actual hours worked by the employee, (3) net wages earned, and (4) meal and rest break premium pay.

Violations to Labor Code § 226(a) – penalties pursuant to §§ 226(e), 226.3, and 2699(f); violations to IWC Order 5 section 7 – penalties pursuant to § 20 of IWC Order 5.

Defendants violated Labor Code §§ 201 through 203 by failing to pay Plaintiffs all wages and compensation owed within their separation date.

Violations to Labor Code §§ 201 through 203 - penalties pursuant to Labor Code section 2699(f).

# Exhibit B

Thank you for submission of your PAGA Case.

Inbox

•

**LWDA DO NOT REPLY** <lwdadonotreply@dir.ca.gov>

To:vicent@liberationlawgroup.com

Wed, Mar 4 at 3:45 PM

3/4/2020

LWDA Case No. LWDA-CM-776451-20

Law Firm : Liberation Law Group PC

Plaintiff Name : Myrna Altamirano, Angie Samson

Employer: Sunrise Senior Living Management, Inc.

Item submitted: Initial PAGA Notice

---

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of

Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm